UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY PILUYEV; LIUDMILA MAFTEY,<br><br>    Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION; PACTIV PACKAGING, INC.,<br><br>    Defendants. | Case No. 2:20-cv-01812-JAM-JDP<br><br>MODIFIED PROTECTIVE ORDER RE: PRODUCTION OF PROPRIETARY AND CONFIDENTIAL BUSINESS DOCUMENTS<br><br>ECF No. 22 |

On March 16, 2021, the parties stipulated to a proposed protective order. ECF No. 22. Upon review, the terms of that stipulation listed in paragraphs 10, 11, and 19 are not enforceable. *Id.* Thus, those paragraphs are removed, and the remaining paragraphs renumbered. The remainder of the parties' stipulation is approved and ordered as follows.

It is hereby stipulated and agreed, by and between the parties to the above identified action and all interested respondents to subpoenas issued in this matter as additional signatories pursuant to Exhibit A, through their respective counsel, that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, subpoenas, depositions, pleadings, exhibits and other information exchanged by the parties or produced by subpoenaed parties in this action. IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order shall be applicable to and govern all depositions, documents produced

in response to subpoenas, requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure and other information which the disclosing party designates as "CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL" furnished, directly or indirectly, in this action.

2. Further, the parties or subpoena respondents may designate testimony or the materials described herein as "ATTORNEYS' EYES ONLY" OR "AEO", which shall mean that only the court, the jury, the attorneys for the parties and their respective experts (only if signatories to this protective order) may see, view, read or know the content of the documents, testimony or materials.

3. **Good cause for issuance of the protective order and compelling interests for the sealing of such records exists because the documents designated as proprietary and confidential business documents. It is anticipated, based on the allegations of the complaint, that some of the documents produced are likely to include proprietary information regarding product development, manufacturing, and/or selection. Disclosure of such information could be detrimental to the business interests of the parties disclosing such information. Further, it is anticipated that some of the documents produced will also be subject to confidentiality agreements due to the overriding business and development interests at stake. In light of the nature of these documents, there is a substantial probability that disclosure of such documents would result in harm to the disclosing party. Further, there are no alternatives to sealing that would otherwise protect the interests of the parties.**

4. In designating information as "CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL" a party or subpoena respondent shall make such a designation only as to materials which that party in good faith believes constitutes proprietary information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain in confidence.

5. CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL shall be used by the

parties in this action solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

6. Information designated as "CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL" may be disclosed only to the following persons:

    a. outside counsel working on this action on behalf of any party, including all paralegal assistants, stenographic and clerical employees working under the supervision of such counsel;

    b. in-house counsel or its staff, but only as to CONFIDENTIAL MATERIAL;

    c. outside experts for each party who are not prior or current employees or consultants to the parties, expressly retained by any attorney described in paragraphs 4(a)-(b) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and subject to their execution of an intent to be bound by the terms of this protective order;

    d. persons or organizations expressly retained to assist or serve as translators, interpreters, copy services, court reporters, and media/document/information consultants; and,

    e. the Court, under seal.

    f. Members of the jury if admitted into evidence.

7. The recipient of any CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under; compliance with, or violation of this Protective Order.

8. The recipient of any CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL that is provided under this Order shall maintain such information in a secure and safe area and shall make reasonable efforts for the protection of financial, trade secret and private, personal information which should be at least as strict as is exercised by the recipient with respect to its own proprietary information..

9. Parties shall designate CONFIDENTIAL OR "AEO" DESIGNATED

MATERIAL as such by:

    a. marking each page of each document or tangible items deemed to be CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL as such, in a manner that is reasonably appropriate; and

    b. identifying portions of any transcript (including exhibits) which contains CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL as such by making a statement to such effect on the record, or by designating such within fifteen (15) business days after counsel's receipt of the final certified transcript. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL; if no designation is made within fifteen (15) business days after receipt of the final certified transcript, the transcript shall be considered not to contain any CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL.

A party shall not be obligated to challenge the propriety of any CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party, ten (10) days prior to seeking relief, written notice of its disagreement with the designation. The parties shall first try in good faith to dispose of such dispute on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court following the specified ten (10) day period. The burden of proving that information has been properly designated as CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL is on the party making such designation.

10. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (a) to prevent any party or its counsel from making use of

information which was lawfully in its possession prior to its disclosure by the producing party, (b) to apply to information which appears in issued patents or printed publications or becomes publicly known, or (c) to apply to information which any party or its counsel has, since disclosure by the producing party, shall hereafter lawfully obtain from a third party having the right to disclose such information.

11. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL to an individual who, prior to the filing of this action, either authored or was copied on the distribution of the document, as indicated on the document's face or other documentary evidence; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL.

12. Material produced without the designation of CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL may be so designated subsequent to production if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of same that the producing party failed to make such designation at the time of production. If discovery material is redesignated CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL, the receiving party shall collect any copies that have been provided to individuals other than those identified in paragraph 4 of this Order.

13. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall collect all copies of the documents and return them to the producing party. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney shall segregate such documents and promptly (but not later than fifteen days after such re-designation) file a motion to compel

production of the documents; otherwise, any such motion to compel shall be deemed waived.

14.     Within sixty (60) days of the termination of this action, all CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL received by parties eligible to receive information under paragraphs 4(c)-(d) hereof, and all copies thereof, shall either be returned to the party which produced same or destroyed. If copies of CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL are destroyed, the destroying party shall certify in writing that said documents have been destroyed within the sixty (60) day time period.

15.     This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown from any of the provisions contained in paragraphs 1 through 15, inclusive, hereof.

16.     Paragraphs 1 through 16, inclusive, of this Stipulated Protective Order relating to the designation and treatment of documents as CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL also are applicable to any discovery obtained from or provided by persons or entities who/which are not parties to this action ("Non-Parties"). Discovery obtained from such Non-Parties (i) may be designated by the producing Non-Party as "CONFIDENTIAL OR "AEO" DESIGNATED MATERIAL" as the terms are defined herein, and (ii) shall be treated in the same manner as if it were obtained from a party. The Court from which a subpoena for such discovery of Non-Parties properly issues also shall have power to enforce the foregoing provisions upon application by the Non-Parties on whom which the subpoena was served.

**ORDER**

Any party that seeks to file confidential information under seal must comply with Local Rule 141, which governs motions for a sealing order. As provided in Local Rule 141, a sealing order will issue only upon a request establishing that the confidential information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

This stipulation, as modified, is approved and so ordered.

IT IS SO ORDERED.

Dated:   March 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A – ADDITIONAL SIGNATORIES

I have been presented with the Protective Order Re: Production of Proprietary and Confidential Business Documents and, having read such, agree to be bound by its terms:

DATED: _____ By: _____
                                      (signature)

                              Printed Name: _____
                              For: _____

DATED: _____ By: _____
                                      (signature)

                              Printed Name: _____
                              For: _____

DATED: _____ By: _____
                                      (signature)

                              Printed Name: _____
                              For: _____

DATED: _____ By: _____
                                      (signature)

                              Printed Name: _____
                              For: _____

DATED: _____ By: _____
                                      (signature)

                              Printed Name: _____
                              For: _____